### 38183. SEABOARD AIR LINE RAILROAD COMPANY et al. v. DRAKE, Judge.

FELTON, Chief Judge. 1. Where a motion for a judgment notwithstanding the verdict is filed in a case where no motion for a new trial is filed, the trial judge, before final order on the motion, shall give the moving party reasonable time in which to present for approval a transcript or brief of the evidence as is required in motions for new trial. Ga. L. 1953, Nov.-Dec. Sess., pp. 440, 444 (Code, Ann., § 110-113). It would seem that the same rule as to the giving of a reasonable time to present for approval a transcript or brief of evidence would apply to a case where a motion for a new trial is filed and before final judgment dismissed by consent of both parties. In such a situation the question whether the transcript or brief of evidence was presented within a reasonable time would not be determined by an order of the court on the motion for a new trial or whether the respondent waived the taking of additional orders extending the time as to the presentation of the transcript or brief of evidence in the motion for a new trial.

2. The otherwise unqualified certificate to the bill of exceptions in this case is rendered a qualified certification by the addition of the following note: Above the judge's signature to the usual certificate appear the words: "See note below." Below the signature is this note: "It appears that attorney for the defendant in error notified attorneys for plaintiff in error on November 13, 1959, he would object to the allowance of the brief of the evidence, he contending that the same came too late and no order had been taken within the period allowed by law for the later filing of a brief of evidence."

3. It follows that the note above quoted should not have been added to the certificate and it is ordered that mandamus abso-

lute issue requiring respondent herein to sign the unqualified certificate to the bill of exceptions omitting therefrom the "note" above quoted.

*Mandamus absolute granted. Quillian and Nichols, JJ., concur.*

DECIDED FEBRUARY 2, 1960—REHEARING DENIED
FEBRUARY 17, 1960.

*Conger & Conger,* for petitioners.
*Custer & Kirbo,* for parties at interest.